IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02026-RPM

WARD WILSON,

     Plaintiff,

v.

TITAN INDEMNITY COMPANY,
a Texas corporation,

     Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

     The plaintiff Ward Wilson ("Wilson") filed a complaint seeking declaratory relief/reformation and damages against the defendant Titan Indemnity Company ("Titan") alleging Titan failed to make a compliant offer of optional enhanced or additional personal injury protection ("PIP") coverage, as required under the Colorado Auto Accident Reparations Act ("CAARA") as it existed at the time Wilson purchased his automobile insurance policy from Titan.  Titan moved for summary judgment of dismissal of Wilson's complaint and summary judgment in its favor on its fourth, sixth, eleventh, thirteenth and twenty-second defenses.  Wilson moved for partial summary judgment in his favor on the issue of whether Titan failed to comply with C.R.S. § 10-4-710 (1999), and whether he has standing to sue for such alleged failure.

     On or about February 13, 1999, Wilson applied in person for an automobile policy from Titan.  Wilson provided an affidavit which stated an "enhanced PIP offer . . . was provided to

[him]" but that he "was not told what types of people Titan's enhanced PIP benefits covered."
It is undisputed that Wilson was offered enhanced PIP coverage but disputed as to whether the
offer extended to pedestrians and passengers in compliance with C.R.S. § 10-4-707 (1999).[1]  This
dispute is not material.  It is also undisputed that Wilson represented that he was a person
qualified to purchase PIP coverage lower than the required minimum, elected to go downward,
and purchased limited PIP benefits as allowed under C.R.S. § 10-4-706(3) (1999) for a reduced
premium.  Wilson signed a Colorado Auto Application form and signed a Personal Injury
Protection (PIP) Coverage Options form, initialing the spaces which confirmed that he elected
lower PIP coverage.  Titan issued Policy No. 02-PA-000252161 to Wilson, effective February 13,
1999.

Wilson was involved in an auto accident on October 24, 1999 while driving his vehicle
insured by Titan, and was paid the limited PIP benefits provided under his policy.  Wilson was
neither a passenger nor a pedestrian at the time of the accident and does not seek benefits as a
pedestrian or passenger.  He seeks to have his Titan policy reformed to include, or to
automatically incorporate, enhanced PIP benefits for him as the named insured driving a covered
vehicle because of alleged deficiencies in Titan's offer of enhanced benefits for coverage of
pedestrians and passengers.

---

[1] C.R.S. § 10-4-707(1) (1999) provides that the coverages "shall be applicable to" "the
named insured," resident "relative[s] of the named insured," "any other person while occupying
the described motor vehicle with the consent of the insured" (passengers), and pedestrians.

To have standing, the party invoking federal jurisdiction is required to establish three

elements:

> First, the plaintiff must have suffered an "injury in fact"- an invasion of a legally
> protected interest which is (a) concrete and particularized . . . and (b) "actual or
> imminent, not 'conjectural' or 'hypothetical,'" . . . . Second, there must be a
> causal connection between the injury and the conduct complained of - the injury
> has to be "fairly . . . trace[able] to the challenged action of the defendant, and not .
> . . th[e] result [of] the independent action of some third party not before the
> court." . . . Third, it must be "likely," as opposed to merely "speculative," that the
> injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992) (quotation marks and alterations in

original; internal citations omitted).    In this case, Wilson - who was neither a pedestrian nor a

passenger - was not injured in fact by Titan's alleged failure to offer enhanced PIP coverage for

pedestrians and passengers, no causal connection existed between his claimed injury and Titan's

conduct complained of by him, and his claimed injury cannot be redressed by reforming the policy

to include that which the offer allegedly failed to include - - enhanced PIP coverage for

pedestrians and passengers.

*Fincher v. Prudential Prop. & Cas. Ins. Co.,* 2003 WL 22245945 (10th Cir. 2003), *Clark*

*v. State Farm Mut. Ins. Auto. Ins. Co.,* 319 F.3d 1234 (10th Cir. 2003) (*Clark I*), and *Clark v.*

*State Farm Mut. Auto. Ins. Co.,* 433 F.3d 703 (10th Cir. 2005) (*Clark III*), cases Wilson

predominately relied on, afford him no relief.  *Fincher, Clark I* and *Clark III* involved pedestrian[2]

claimants seeking reformation of policies where the insurers failed to offer compliant enhanced

PIP coverage that applied to *such claimants*.  Here, Wilson seeks reformation for himself - the

named insured driver - where Titan allegedly failed to offer compliant enhanced PIP coverage for

---

[2] Fincher was actually a bicyclist who was deemed a "pedestrian" under Colorado law.
*Fincher, supra* at *1.

others - namely, pedestrians and passengers.

All of Wilson's claims for relief in this civil action depend upon his claim for reformation. Therefore, it is

ORDERED that defendant Titan Indemnity Company's motion for summary judgment of dismissal [Doc. # 15] is granted on the basis that the plaintiff Ward Wilson lacks standing to sue and the plaintiff's motion for partial summary judgment [Doc. # 18] is denied on the same basis. The Clerk will enter judgment for the defendant, dismissing this civil action and awarding the defendant its statutory costs.

DATED:  September 6th, 2006.

BY THE COURT:

s/ Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge